IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CPN CASCADE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-1316C |
| | ) | |
| THE UNITED STATES, | ) | (Judge Wolski) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in the first paragraph are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits that the defendant is the United States and that the Bonneville Power Administration is an agency within the Department of Energy. The remainder of the allegations contained in paragraph 3 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 are conclusions

of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. Admits the allegations contained in paragraph 5 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 6.

7. The allegations contained in paragraph 7 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contract and arbitration filing cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 9.

10. The allegations contained in paragraph 10 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

11. Admits.

12. Admits the allegations contained in paragraph 12 to the extent supported by the settlement agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 12.

13. Admits the allegations contained in the first sentence of paragraph 13 to the extent supported by the record of decision cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 13. Admits the allegations contained in the second and third sentences of paragraph 13 to the extent supported by the complaint cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second and third sentences of paragraph 13.

14. Denies the allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Admits the allegations contained in the first sentence

of paragraph 15 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 15. The allegations contained in second sentence of paragraph 15 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

17. Admits the allegations contained in the first two sentences of paragraph 17. Admits the remaining allegations contained in paragraph 17 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 18.

19. Admits the allegations contained in the first, second,

third and fifth sentences of paragraph 19 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the first, second, third and fifth sentences of paragraph 19. The allegations contained in the fourth sentence of paragraph 19 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

20. Admits the allegations contained in paragraph 20 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. The allegations contained in paragraph 22 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies that the plaintiff is entitled to the relief sought in the second sentence of paragraph 22, or to any relief whatsoever.

23. The allegations contained in the first sentence of paragraph 23 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 23 to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 23.

24. Defendant's responses to paragraphs 1 through 23 of the complaint are incorporated by reference.

25. The allegations contained in paragraph 25 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be

deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to the relief sought in paragraph 28, or to any relief whatsoever.

29. Defendant's responses to paragraphs 1 through 28 of the complaint are incorporated by reference.

30. The allegations contained in paragraph 30 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to the relief sought in paragraph 30, or to any relief whatsoever.

31. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 30 or to any relief whatsoever.

32. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant

defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/S Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/S James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W.
Washington, D.C. 20530
Tele: 202-307-6289
Fax: 202-514-7969

Attorneys for Defendant

OF COUNSEL

J. COURTNEY OLIVE
Attorney
Bonneville Power
Administration
P.O. Box 3621
Portland, OR 97208

March __, 2006

CERTIFICATE OF FILING

I hereby certify that on March __, 2006, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier