# UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **CPN CASCADE, INC.,** | ) | |
| **Plaintiff,** | ) | **No. 05-1316C** |
| **v.** | ) | **Judge Wolski** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to RCFC 12(c), Plaintiff CPN Cascade, Inc. ("CPN Cascade") moves for judgment against the United States and in favor of CPN Cascade on the pleadings. Under the facts alleged in CPN Cascade's Complaint, which the United States either admits or fails to controvert, the Bonneville Power Administration ("Bonneville") has, as a matter of law, breached the Settlement Agreement between the parties by refusing to make a required $9,000,000 payment. CPN Cascade is therefore entitled to judgment against the United States for Bonneville's breach of contract and under 41 U.S.C. § 609 in the amount of $9,000,000 plus interest, attorneys fees and costs.

## UNCONTROVERTED FACTS

In September 1994, CPN Cascade (then d/b/a CE Newberry, Inc) and Bonneville entered into a Power Purchase Agreement for power from a geothermal project at Newberry Volcano in central Oregon ("Newberry PPA"). A dispute arose under the Newberry PPA and CE Newberry, Inc. filed for arbitration seeking damages from Bonneville of more than $40,000,000 for breach of contract. (Complaint ¶ 8; Answer ¶ 8). Bonneville and CE Newberry settled the Newberry PPA dispute by entering into a Settlement Agreement on December 6, 1996 (the

"Settlement Agreement"). (Complaint ¶ 9; Answer ¶ 9).[1] A copy of the December 6, 1996 Settlement Agreement (without attachments) is attached to the Complaint as Exhibit A1. The United States asserts that the Settlement Agreement itself is the best evidence of its contents. (Answer ¶ 9).

Section 3.1 of the Settlement Agreement required Bonneville to pay a settlement payment of $9,000,000 within 5 business days. Bonneville made that payment. (Complaint ¶ 11; Answer ¶ 11). The Settlement Agreement also required Bonneville to make one of the following payments. (The "Project" referred to in these provisions is the Telephone Flat Geothermal Development Project.)

> 3.2 Record of Decision Payment. BPA shall pay CalEnergy $9,000,000 within five (5) business days after the following conditions occur: a) the United States Bureau of Land Management ("BLM") and United States Forest Service ("Forest Service") issue Records of Decisions approving the Project (as defined in the Amended and Restated PPA) and all appeals thereof have been settled, withdrawn or dismissed (each a "Final Record of Decision"), AND b) BPA (i) issues a Record of Decision not approving the Project, or (ii) fails to issue any Record of Decision within 120 calendar days after the BLM and Forest Service have each issued a Final Record of Decision, or (iii) does not duly execute the Amended and Restated PPA within 120 calendar days after the BLM and Forest Service each issue a final Record of Decision.
>
> 3.3 Commercial Operation Payment. If BPA issues a Record of Decision approving the Project and executes the Amended and Restated PPA within 120 calendar days after the BLM and Forest Service each issue a Final Record of Decision and the Commercial Operation Date (as defined in the Amended and Restated PPA) is achieved, then BPA shall pay to CalEnergy the sum of $10,000,000 within five (5) business days after the Commercial Operation Date.

(Complaint ¶ 12; Answer ¶ 12).

On May 31, 2000, BLM and Forest Service issued a Record of Decision denying the authorizations needed for the Project. (Complaint ¶ 13; Answer ¶ 13). However, in an April

[1] In the Settlement Agreement, CE Newberry is referred to as "CalEnergy" and it is now known as CPN Cascade. Calpine Corporation is the parent of CPN Cascade.

4, 2002 settlement agreement in United States Court of Federal Claims Case No. 00-619C, which involved breach of contract and takings claims for the denial of the Telephone Flat Geothermal Development Project, the United States agreed to reconsider its Record of Decision for the Project immediately. (Complaint ¶ 15; Answer ¶ 15). On November 26, 2002, the BLM and Forest Service issued a Record of Decision upon reconsideration ("2002 ROD"). (Complaint ¶ 19; Answer ¶ 19). The BLM and Forest Service reversed their earlier decision and approved the Project:

> ***After careful reconsideration*** of all perspectives and factors, including consultation with area tribes, balancing the need for renewable energy with the need to protect visual resources and traditional cultural values and practices associated within the Medicine Lake Highlands, ***we have concluded that the overall interests of the public would be best served by reversing the earlier decision***, selecting the Proposed Action (proposed power plant site) with the modification of selecting Alternative Transmission Line Route 2 (segment D-2 and B-2) instead of Alternative Transmission Line Route 1. This proposed action, as modified, is now the Telephone Flat Geothermal Development Project, as Amended (the Project). It is our decision to approve the Project, as amended by this ROD. All mitigation measures identified within the FEIS/FEIR for the Project are considered part of this ROD and can be found in the FEIS/FEIR. (Emphasis added).

(2002 ROD at 2, attached to the Complaint as Exhibit A4).

On April 11, 2003, the Department of Agriculture issued a decision dismissing the last appeal of the 2002 ROD. At that point, the BLM's and Forest Service's Record of Decision became a final Record of Decision. A copy of the Department of Agriculture's decision is attached to the Complaint as Exhibit A5. (Complaint ¶ 19; Answer ¶ 19).

By letter dated July 28, 2003, CPN Cascade informed Bonneville that, as a result of the Final Record of Decision and as provided by the Settlement Agreement, Bonneville had until August 14, 2003, to either issue its own record of decision approving the Project, or otherwise remit the payment set forth in the Settlement

Agreement. (Complaint ¶ 20; Answer ¶ 20). In an August 8, 2003 letter, Bonneville stated that it did not agree. A copy of that letter is attached to the Complaint as Exhibit A7. (Complaint ¶ 20; Answer ¶ 20).

Bonneville failed to issue any Record of Decision or to execute the Amended and Restated Power Purchase Agreement within 120 days after the BLM and Forest Service had issued a Final Record of Decision. (Complaint ¶ 22).[2] Bonneville therefore became contractually liable to pay CPN Cascade $9,000,000 under Section 3.2 of the Settlement Agreement. (Complaint ¶ 22). Bonneville refuses to pay CPN Cascade the $9,000,000 due under the Settlement Agreement. (Complaint ¶ 23).[3] Bonneville issued a final decision denying CPN Cascade's claim on January 28, 2005 (Exhibit B). (Complaint ¶ 23; Answer ¶ 23).

## ARGUMENT

### A. Standard of Review

After the pleadings are closed, RCFC 12(c) allows either party to move for judgment on the pleadings. A plaintiff may seek judgment on the pleadings if the defendant's answers fail to controvert material facts alleged in the complaint. *See Qwest Commc'n Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002); *Faygo Beverages, Inc. v. Pioneer* Trucking, 585 F.Supp. 251, 253 n4 (D. Del. 1984); *see also Duhame v. United States*, 119 F.Supp. 192, 195 (Fed Cl. 1954) (holding that motion for judgment on the pleadings is appropriate when all material facts needed for a

[2] In its Answer, the United States asserts that "[t]he allegations contained in paragraph 22 are conclusions of law, and plaintiff's characterization of its case, to which no response is required."

[3] In its Answer, the United States asserts that "[t]he allegations contained in the first sentence of paragraph 23 are conclusions of law, and plaintiff's characterization of its case, to which no response is required."

decision on the issue presented are undisputed, and the sole remaining issue is one of law). Uncontested allegations to which the nonmoving party had an opportunity to respond are taken as true, and the plaintiff is entitled to judgment as a matter of law when all defenses raised in the answer are legally insufficient. *See Qwest Commc'n Corp.*, 208 F.R.D at 291.

In general, to avoid converting the motion to one for summary judgment, the court should consider only the allegations of the complaint and exclude references to extrinsic factual materials. *Id.* The court may, however, consider materials properly attached to a complaint as exhibits, without converting the motion for judgment on the pleadings to a motion for summary judgment. *Id.*; *see also Reed Island-MLC, Inc. v. United States*, 67 Fed.Cl. 27, 33 (Fed. Cl. 2005) ("Consequently, in considering the government's motion made under RCFC 12(c), the court will consider all materials submitted by the parties.").

Further, materials that are a matter of public record may be considered in a reviewing a Rule 12(c) motion without treating the motion as one for summary judgment. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *Byrd v. City of New York*, No. 04-1396-CV, 2005 WL 1349876, at *1 (2d Cir. Jun. 8, 2005). For example, as one court made clear, a Record of Decision is the agency's statutorily required legal description, explanation, and justification of its remedy decision; as such, a court may consider the Record of Decision and any other pertinent official public records without converting the motion to one for summary judgment. *See Washington Park Lead Comm., Inc. v. United States Envtl. Prot. Agency*, No. 2:98CV421, 1998 WL 1053712, at *5n.1 (E.D. Va. Dec. 1, 1998).

**B. The Material Allegations of the Complaint are Uncontroverted and CPN Cascade is Entitled to Judgment as a Matter of Law.**

The United States either admits or does not controvert any of the material facts recited above. All of the facts are contained in the Settlement Agreement itself and in public records such as the agency Records of Decision cited. Indeed, in its Answer the United States repeatedly asserts that these documents are themselves the best evidence of their contents. The United States does not assert any affirmative defenses.

On the basis of the uncontroverted facts and documents, CPN Cascade is entitled as a matter of law to the $9,000,000 Record of Decision Payment provided by Section 3.2 of the Settlement Agreement. The BLM and the Forest Service issued the 2002 ROD approving the Project and the 2002 ROD became final. Bonneville failed to issue any Record of Decision or to execute the Amended and Restated Power Purchase Agreement within 120 days after the 2002 ROD became final. Bonneville refuses to make the required payment under Section 3.2 of the Settlement Agreement. The United States is therefore liable to CPN Cascade for $9,000,000 plus interest, costs and attorneys fees for breach of contract and under 41 U.S.C. § 609.

## CONCLUSION

There are no issues of material fact and CPN Cascade therefore requests judgment on the pleadings.

Dated: March 15, 2007.

Respectfully submitted,

s/ Rick D. Bailey

Rick D. Bailey
Holland & Hart LLP
8390 East Crescent Parkway, Suite 400
Greenwood Village, CO 80111-2800
Phone: (303) 290-1089
Fax: (303) 290-1606
rbailey@hollandhart.com
**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2007, a copy of the foregoing Motion for Judgment on the Pleadings was filed electronically. I understand that notice of this filing is being served on all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Rick D. Bailey
Rick D. Bailey

3680271_4.DOC